UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **BLC LEXINGTON SNF, LLC, et al.,**<br>    **Plaintiffs,**<br><br>v.<br><br>**BONNIE TOWNSEND,** *Executrix of the Estate of* **LINDA ELAM,**<br>    **Defendant.** | **CIVIL ACTION NO. 5:21-223-KKC**<br><br><br>**OPINION AND ORDER** |

*** *** ***

This matter is before the Court on a motion to dismiss (DE 6) by Defendant Bonnie Townsend, Executrix of the Estate of Linda Elam, and a motion to compel arbitration and enjoin the Defendant (DE 7) by Plaintiffs BLC Lexington SNF, LLC d/b/a Brookdale Richmond Place SNF; Brookdale Senior Living Communities, Inc.; Brookdale Senior Living Inc.; and American Retirement Corporation ("Plaintiffs"). The motions having been fully briefed, they are now ripe for the Court's review. For the reasons set forth herein, Defendant's motion (DE 6) is DENIED, and Plaintiffs' motion (DE 7) is GRANTED.

I.

From mid-June to mid-July 2020, Linda Elam was a resident of Brookdale Richmond Place SNF, a skilled nursing facility in Lexington, KY operated by Plaintiff BLC Lexington SNF, LLC. (DE 6-1 at 1.) When Elam was admitted to Brookdale Richmond Place SNF, her sister Bonnie Townsend, now acting as the Executrix of Elam's Estate, signed the facility's Admission Agreement, which included an arbitration agreement containing the following:

> Any and all claims or controversies arising out of, or in any way relating to, this Agreement or any of your stays at the Provider, excluding any action for involuntary transfer or discharge or eviction, and including disputes regarding

1

> interpretation, scope, enforceability, unconscionability, waiver, preemption and/or violability of this Agreement, whether arising out of State or Federal law, whether existing or arising in the future, whether for statutory, compensatory or punitive damages and whether sounding in breach of contract, tort or breach of statutory duties, irrespective of the basis for the duty or the legal theories upon which the claim is asserted, shall be submitted to binding arbitration, as provided below, and shall not be filed in a court of law. **The parties to this Agreement further understand that a judge and/or jury will <u>not</u> decide their case.**

(DE 1-1) (emphasis in original.) At the time, Elam had signed a "General Durable Power of Attorney" naming Townsend Elam's "true and lawful attorney in fact." (DE 1-3.) The Admission Agreement contained a section in which the Resident Representative—in this case, Townsend—could indicate in what capacity they were executing the agreement. The box for "Power of Attorney" was checked, although Townsend asserts that she did not check the box herself. (DE 11 at 3.)

In July 2021, slightly less than a year after Elam's death, Townsend filed a complaint in Fayette Circuit Court, alleging negligence, medical negligence, corporate negligence, and violations of a long term care resident's rights against BLC Lexington SNF, LLC, ARC Richmond Place, LLC, Brookdale Senior Living Communities, Inc., Brookdale Senior Living, Inc., and American Retirement Corporation, and negligence against Becky Stocker in her capacity as Administrator of Brookdale Richmond Place SNF. (DE 1-2.) Plaintiffs subsequently filed this action to compel arbitration and enjoin the Defendant from pursuing her state court action. Townsend now moves to dismiss this action, and Plaintiffs move to compel arbitration and enjoin Defendant's state court action.

## II.

The posture of this case, the issues raised, and the arguments made by both sides are not uncommon, and variations of the same issues have previously been the subject of litigation in this district. The Court will first address the issues raised by Defendant.

### A.     Rules 12(b)(1) & 12(b)(7)

Defendant argues that this matter should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(7) because Plaintiffs have failed to join a necessary party under Rule 19—Administrator Becky Stocker, a named defendant in the underlying state court action and apparently a citizen of Kentucky—and the Court should either: (1) "look through" to the underlying state proceeding and find no subject-matter jurisdiction under 28 U.S.C. § 1332; or (2) dismiss the action for failure to join a necessary party.  (DE 6-1 at 13–25.)  Courts in this district, including this Court, have consistently rejected these arguments. *See, e.g., Brookdale Sr. Living Inc. v. Stacy*, 27 F. Supp. 3d 776 (E.D. Ky. 2014); *BLC Lexington SNF, LLC v. Oatis*, No. 5:19-284-DCR, 2019 WL 6221006 (E.D. Ky. Nov. 20, 2019); *BLC Lexington SNF, LLC v. Petersen*, No. 5:19-cv-00465-GFVT, 2020 WL 3130292 (E.D. Ky. June 12, 2020); *ARC Richmond Place, Inc. v. Meece*, No. 5:20-47-JMH, 2021 WL 4494615 (E.D. Ky. Sept. 30, 2021).

This case is before the Court pursuant to 28 U.S.C. § 1332 diversity jurisdiction. Defendant, like many previous defendants in her position, argues that the Court should "look through" this action to the state court action, which does not have complete diversity of citizenship among the parties. Defendant, like many previous defendants, cites *Vaden v. Discover Bank*, 556 U.S. 49 (2009), in support of this position.  (DE 6-1 at 19–20.)  As many courts, including this Court, have previously concluded, *Vaden* does not apply in diversity cases, so this argument fails. *Petersen*, 2020 WL 3130292, at *4 (collecting cases); *Stacy*, 27 F. Supp. 3d at 781–82.

Defendant next argues, again like many previous defendants in her position, that the facility administrator, Becky Stocker, is a necessary and indispensable party. As many courts, including this Court, have previously concluded, nursing home facility

3

administrators that are individual defendants in state court actions are not indispensable parties in related federal actions to compel arbitration. *Id.* at *6–7 (collecting cases); *Meece*, at *3 (collecting cases); *Stacy*, 27 F. Supp. 3d at 782–84. Like in previous cases, the failure to join the administrator in this action does not warrant dismissal.

**B.     Rule 12(b)(6)**

Defendant makes three arguments as to why this matter should be dismissed pursuant to Rule 12(b)(6). The Court will address each in turn.

### 1. Power of Attorney

Defendant first argues that the underlying arbitration agreement is invalid and unenforceable because it was signed by Townsend in her individual capacity, not as Elam's POA. (DE 6-1 at 5.) Townsend notes that when she signed on the "Resident Representative" line, she did not indicate next to her signature that she was acting as Elam's POA. Moreover, as described above, Townsend denies that she is responsible for the checked box indicating that she was acting in a POA capacity as the Resident Representative. (DE 11 at 3.)

Townsend cites *Cambridge Place Group, LLC v. Mundy*, 617 S.W.3d 838 (Ky. App. 2021) for the proposition that absent an indication of the capacity under which a signature was executed, the parties are bound by the capacity in which the agreement was signed—in this case, according to Townsend, her individual capacity. (DE 6-1 at 6.) However, in *Mundy*, the Court's decision did not hinge on the *absence* of an indicated capacity but on the *affirmative* indication of a *different* legal capacity: "While [the nursing facility] is correct that Kentucky law does not require a party to explicitly state they are acting as an attorney-in-fact, the issue herein is not [the family member's] silence but rather her affirmative avowal that she was acting in a separate capacity [as the decedent's wife]." *Id.* at 841. Additionally, the court in *Mundy* found it significant that the relevant Power of

4

Attorney stated that the decedent's attorney-in-fact could not make any health care decisions on his behalf. *Id.* at 842. This is in contrast to the POA in this case, which does authorize Townsend to make health care decisions on Elam's behalf, including arrangements for nursing home care, among many other authorizations. (DE 1-3 at 3.)

*Mundy* would be persuasive if Townsend had signed the agreement "Bonnie Townsend, Sister" and if the POA executed by Elam was narrower in scope, but neither of those are the case here. Townsend, acting within the scope of the executed POA, signed her name on a line for "Resident/ Resident Representative" (i.e. on behalf of Elam) with no indication of a specific legal capacity. Moreover, right above the signature line, the agreement states: "The Resident hereby represents and warrants that they have fully read, understand and consent to the terms of this Arbitration Agreement by their signature below." (DE 1-1 at 3.) Thus, this case is much closer to the scenario in *Pannell v. Shannon*, 425 S.W.3d 58, 64 (Ky. 2014), the case referenced by the *Mundy* court for the proposition that Kentucky law does not require a party to explicitly state that they are acting as an attorney-in-fact. *See also Holifield v. Beverly Health & Rehab. Servs., Inc.*, No. 3:08CV-147-H, 2008 WL 2548104, at *5–6 (E.D. Ky. June 20, 2008) (upholding an Alternative Dispute Resolution Agreement signed by an attorney-in-fact on behalf of a principal). Townsend, acting within the scope of her capacity as a legal representative for Elam, signed an arbitration agreement on Elam's behalf, and did not indicate that she was acting in some other legal capacity. Accordingly, the arbitration agreement is valid and enforceable, whether or not Townsend personally checked the "POA" box marked elsewhere in the Admission Agreement.

## 2. Wrongful Death Beneficiaries

Defendant next argues that even if Townsend signed the arbitration agreement as Elam's POA, she "could not have bound the wrongful death beneficiaries, because even

5

Elam herself could not have bound them." (DE 6-1 at 7.) This proposition comes from *Ping v. Beverly Enters, Inc.*, 376 S.W.3d 581, 599 (Ky. 2012) ("Because under our law the wrongful death claim is not derived through or on behalf of the resident, but accrues separately to the wrongful death beneficiaries and is meant to compensate them for their own pecuniary loss, we agree . . . that a decedent cannot bind his or her beneficiaries to arbitrate their wrongful death claim.").

As a threshold matter, the Court must point out that while Defendant states "there are wrongful death claims in the case filed in state court" (DE 6 at 2) and Plaintiffs initially state "Defendant's State Court Action alleges . . . wrongful death[,]" (DE 7-4 at 4) a review of the state court complaint provided to the Court indicates that there are no such claims pled, either explicitly or implicitly. (DE 1-2.) In Plaintiffs' Reply, they belatedly come to the same conclusion as the Court. (DE 13 at 8.) Based on the record before the Court, there is no wrongful death claim in the underlying state court action, so any ruling on whether or not to enjoin any hypothetical wrongful death claims would be purely advisory and is thus prohibited. *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 715 (6th Cir. 2011) ("The 'case or controversy' requirement prohibits all advisory opinions, not just some advisory opinions and not just advisory opinions that hold little interest to the parties or the public."). Accordingly, the Court will not consider this issue.

### 3. Unconscionability

Finally, Defendant argues that the arbitration agreement is unenforceable because it is unconscionable. (DE 6-1 at 9.) Defendant cites the volume of paperwork she had to sign, the fact that the paperwork was presented in a disorganized manner, the disparity in bargaining power between the parties, and deceptive statements in the agreement about the benefits of arbitration. These factors seem to span both procedural and substantive unconscionability. These and similar arguments have been the subject of litigation in many

6

courts in this district, and those courts "have consistently rejected similar arguments that arbitration agreements in the context of nursing home admissions are unconscionable." *Petersen*, 2020 WL 3130292, at *13 (collecting cases);[1] *see also Stacy*, 27 F. Supp. 3d at 787–89 (thoroughly analyzing and rejecting procedural and substantive unconscionability arguments in the same context). For the same reasons this Court discussed in *Stacy* and for reasons the court in *Petersen* discussed as to essentially this same arbitration agreement, the Court does not find the arbitration agreement at issue here unconscionable.

### III.

#### A. Arbitration

Having determined that the arbitration agreement is valid and enforceable, the Court must also determine whether all of the claims in Defendant's underlying state court action fall within its scope. *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). The arbitration agreement at issue is broad, covering all claims or controversies arising out of or in any way relating to the Admission Agreement or Elam's stay at the facility, with some inapplicable exceptions. (DE 7-1.) All of the negligence theories and statutory violations alleged in the underlying complaint fall within the scope of the agreement. Accordingly, all of Defendant's claims must be submitted to arbitration.

#### B. Injunction

Finally, the Court must determine whether Defendant should be enjoined from pursuing her parallel action in state court. "Although the [Federal Arbitration Act] requires courts to stay their own proceedings where the issues to be litigated are subject to an agreement to arbitrate, it does not specifically authorize federal courts to stay proceedings pending in state courts." *Great Earth Cos., Inc. v. Simons*, 288 F.3d 878, 893 (6th Cir. 2002)

---

[1] The Admission Agreement at issue in *Petersen*, which involved the same Plaintiffs, appears to be nearly identical to the Admission Agreement at issue here, with some slight revisions.

(internal citation omitted). Pursuant to the more general provisions of the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

In this case, an injunction "properly falls within the exception for injunctions 'necessary to protect or effectuate' the Court's judgments." *Great Earth*, 288 F.3d at 894. An injunction is necessary to prevent Defendant from pursuing her claims in the alternative forum and, in the process, circumventing the parties' agreement to arbitrate. Accordingly, Defendant will be enjoined from proceeding with the pending parallel state court action.

### IV.

Accordingly, for the reasons set forth herein, **IT IS HEREBY ORDERED**:

(1) Defendant's motion to dismiss (DE 6) is **DENIED**;

(2) Plaintiffs' motion to compel arbitration and to enjoin Defendant (DE 7) is **GRANTED**;

(3) Defendant is hereby **COMPELLED** to resolve her claims in arbitration according to the terms of the agreement and **ENJOINED** from proceeding with her parallel action in state court;

(4) Pursuant to 9 U.S.C. § 3, further proceedings in this matter are **STAYED** until the conclusion of the ordered arbitration; and

(5) The parties SHALL file a joint status report regarding the progress of arbitration by **September 7, 2022**.

This 27th day of May, 2022.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY