UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIV. AT LEXINGTON
CASE NO.: 5:21-cv-00223-KKC

***Electronically Filed***

BLC LEXINGTON SNF, LLC D/B/A BROOKDALE RICHMOND PLACE SNF D/B/A RICHMOND PLACE REHABILITATION AND HEALTH CENTER, ET AL. PLAINTIFFS

v.

**MOTION TO CONFIRM ARBITRATION AWARD AND MEMORANDUM IN SUPPORT OF SAME**

BONNIE TOWNSEND, EXECUTRIX OF THE ESTATE OF LINDA ELAM DEFENDANT

---

Plaintiffs, BLC Lexington SNF, LLC d/b/a Brookdale Richmond Place SNF, Brookdale Senior Living Communities, Inc., Brookdale Senior Living Inc., and American Retirement Corporation (collectively, “Brookdale”), by counsel, move this Court pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, for an order confirming the arbitration award issued in their favor by Hon. Tom McDonald (Ret.) (“Judge McDonald”) on June 24, 2024 (“Arbitration Award”). The Arbitration Award is attached hereto as Exhibit 1.[1] The grounds and legal authority supporting Brookdale’s Motion to Confirm are set forth below.

[1] The Arbitration Award is attached pursuant to 9 U.S.C.S. § 13(b) and this Court’s October 4, 2024 Order, which provides “The Arbitration Award of the arbitrator in this case may be filed in the record to the extent necessary to . . . confirm the Award under Section 9 of the FAA.” (DE 43, ¶ 1(A).)

## I. INTRODUCTION

This case arises from claims related to Linda Elam's residency at Brookdale Richmond Place ("Facility") from June 15 to July 8 2020. Plaintiff, Bonnie Townsend, acting as executrix of the estate of Linda Elam ("Townsend"), filed suit against Brookdale and the Facility's former administrator, Becky Stocker, in Fayette Circuit Court ("State Action"). Brookdale initiated this action to compel arbitration under the parties' arbitration agreement ("Arbitration Agreement"). The Arbitration Agreement is attached hereto at Exhibit 2.[2] On September 28, 2022, this Court ordered the parties to arbitrate all claims except wrongful death claims potentially belonging to non-signatory beneficiaries. (DE 19.)

The arbitration ("Arbitration") was conducted before Judge McDonald, whom Townsend proposed, and Brookdale accepted. (*See* DE 64-1.) In the Arbitration, Townsend reasserted all the claims she asserted in the State Action, including a wrongful death claim. (*See* Townsend's Proposed Findings of Fact, Conclusions of Law, and Judgment, *sealed exhibit*, DE 38-4, pp. 31-33.) The final hearing took place from April 22 through April 29, 2024 ("Final Hearing"). Both parties presented evidence, examined witnesses, and submitted post-hearing findings. On June 24, 2024, Judge McDonald issued the Arbitration Award in Brookdale's favor on all claims. (*See* Arbitration Award, Ex. 1.)

On September 21, 2024, Townsend moved to amend, modify, correct, or vacate the Arbitration Award, arguing that Judge McDonald applied the wrong standard of proof, improperly attributed liability to non-party primary care providers, made erroneous factual findings, and gave insufficient weight to her expert testimony. (DE 38, Page ID##: 535–551.) Then, on February 13,

---

[2] The Arbitration Agreement is attached pursuant to 9 U.S.C.S. § 13(s) and was previously filed in the record of this action. (*See* DE 7-1.)

2025—234 days after the Arbitration Award was issued—she filed a "supplemental filing," asserting for the first time that a 35-year-old public censure issued to Judge McDonald warranted vacatur. (*See* DE 58; DE 58-1.) Brookdale filed responses opposing both motions,[3] explaining, among other things, that none of Townsend's arguments come close to satisfying the narrow grounds for vacatur under the FAA, and each rests on a fundamental misunderstanding of the limited scope of judicial review in arbitration. (*See* DE 48; DE 64.) As of the filing of this Motion, the Court has not yet ruled on Townsend's requests.

As set forth below, the Arbitration was conducted pursuant to a valid and enforceable Arbitration Agreement. There is a strong presumption that an arbitration award will be confirmed under the FAA. None of the narrow grounds the FAA allows for vacating or modifying the Arbitration Award are present here. Brookdale respectfully requests that the Court confirm the Arbitration Award, which found in favor of Brookdale and the Facility's former administrator, Becky Stocker, on all claims asserted by Townsend, in full.

## II. BACKGROUND

### a. Townsend Executed a Binding Arbitration Agreement.

As part of the admission process at the Facility, Townsend executed a valid and enforceable Arbitration Agreement as Ms. Elam's representative. (DE 15, Page ID##: 297, 299; DE 19, Page ID#: 368; Arbitration Agreement, Ex. 2.) The Agreement provides that it is governed by the FAA and explicitly limits judicial review of the arbitrator's decision:

> 2. The parties hereby expressly agree that this Arbitration Provision, the Residency Agreement and the Resident's stay at the [Facility] substantially involve interstate commerce, and stipulate that the Federal Arbitration Act ("FAA") shall exclusively apply to the interpretation and enforcement of this Agreement . . . .

[3] Although Townsend named the filing at Document 58 a "Supplemental Filing", the filing is for all practical purposes a new motion.

[. . .]

11. The arbitrator's decision shall be final and binding and such decision may only be vacated or modified as allowed by the Federal Arbitration Act. . . .

(Arbitration Agreement, Ex. 2, pp. 2-2 ¶¶ 2, 11.)

**b. This Court Compels Arbitration.**

On August 26, 2021, Brookdale filed this action to compel arbitration and enjoin Townsend from proceeding in the State Action. (Complaint, DE 1; Motion to Compel Arbitration, DE 7.) On May 27, 2022, the Court granted Brookdale's motion. (DE 15.) In doing so, the Court rejected numerous arguments Townsend raised in opposition to arbitration. Notably, Townsend did not argue that she lacked authority to execute the Arbitration Agreement based on the scope of the power of attorney; nor did she raise any objection related to claims on behalf of purported wrongful death beneficiaries at that time—likely because the original Complaint in the State Action did not assert a wrongful death claim. (DE 15, Page ID#: 298; *see also* DE 19, Page ID#: 365.)

On May 6, 2022, Townsend filed an Amended Complaint in the State Action, adding wrongful death claims that were absent from her original Complaint. (DE 14-1.)[4] On June 3, 2022, Townsend moved the Court to reconsider its order compelling arbitration. Again, Townsend did not argue that she lacked authority to enter into the Arbitration Agreement on Ms. Elam's behalf. (*See* DE 16.) On September 28, 2022, this Court modified its order compelling arbitration, granting Brookdale's motion to compel arbitration of the claims asserted by Townsend, individually, and on behalf of the Estate, but not any wrongful death claims belonging to non-signatories to the Arbitration Agreement. (DE 19, Page ID#: 368.)

[4] The Court was unaware that Townsend had filed an Amended Complaint when it issued its May 27, 2022 Order. (*See* DE 19, Page ID#: 365.)

**c. Selection of the Arbitrator**

Following the Court's order compelling arbitration, the parties mutually agreed to use Judge McDonald to preside over the Arbitration. Notably, Judge McDonald was proposed by Townsend's own counsel. (*See* DE 64-1.) Brookdale's current attorneys entered their appearances on August 10, 2023—after Judge McDonald had been selected and the Final Hearing in the Arbitration was scheduled. (DE 29, 30.) Neither counsel of record for Brookdale, Kif Skidmore or Connor Egan, had any dealings with Judge McDonald prior to the underlying Arbitration. Moreover, Townsend never objected to Judge McDonald's appointment, never sought recusal, and never moved to postpone or continue the Arbitration at any point prior to the issuance of the Arbitration Award.

**d. The Arbitration**

During the Arbitration, the parties conducted written discovery, took depositions, and actively litigated a range of issues in the lead-up to the Final Hearing. For example, Townsend filed a motion to compel responses to discovery requests that had originally been served during the state court proceedings. The issue was extensively briefed, and Judge McDonald held a lengthy in-person hearing. On December 11, 2023, he issued a written order granting the motion in part. (*See* Dec. 11, 2023 Order, *sealed exhibit*, DE 38-9.) Judge McDonald also ruled in Townsend's favor on other contested pre-hearing issues, including motions in limine and Brookdale's motion to strike an errata sheet. (*See* Collective Sealed Exhibit 1, DE 48-1.)

Despite extensive pre-hearing activity, Townsend did not raise any concerns about Judge McDonald's impartiality or qualifications until after the Arbitration Award. Nor did she seek a continuance of the proceedings prior to or during the Final Hearing.

**e. Final Hearing**

The Final Hearing was held from April 22 to April 29, 2024. Both parties were afforded a full and fair opportunity to present their cases. Judge McDonald heard testimony from seven fact witnesses and seven expert witnesses. In total, 98 exhibits were introduced and admitted. (*See* Arbitration Award, Ex. 1.)

Townsend asserted broad allegations of negligence—characterizing Brookdale's conduct as "global" in scope—and sought a substantial monetary award. (DE 38, Page ID#: 528; Townsend's Proposed Findings of Fact, Conclusions of Law, and Judgment, *sealed exhibit*, DE 38-4, pp. 36–37.) She also asserted claims for wrongful death and gross negligence, among others. Townsend's Proposed Findings of Fact, Conclusions of Law, and Judgment, *sealed exhibit*, DE 38-4, pp. 31–36.)

Accordingly, in response, Brookdale mounted a comprehensive defense addressing nearly every aspect of Ms. Elam's care during her three-week stay. That defense included testimony and exhibits related to:

- Initial assessments and care plans;
- Observations and interventions by nursing staff;
- Communications with Ms. Elam's primary care providers;
- Compliance with medical orders;
- Hydration, nutrition, and skin integrity monitoring;
- Hygiene and toileting policies;
- Emotional and psychosocial support; and
- Events leading up to Ms. Elam's hospital transfer.

(*See, e.g.*, Brookdale's Proposed Findings and Exhibits, *sealed exhibit*, DE 38-5.)

Regarding the order of witnesses, any delays or logistical issues stemmed from Townsend's underestimation of the time required for her own examinations. Judge McDonald nonetheless ensured that both parties were granted the time needed to present their cases fully.

Following the close of evidence on April 29, 2024, both parties submitted post-hearing briefs, as directed by Judge McDonald. (*See* Arbitration Award, Ex. 1, p. 2.)

**f. The Arbitration Award**

On June 24, 2024, Judge McDonald issued a comprehensive 34-page decision in Brookdale's favor on all claims. (*See* Arbitration Award, Ex. 1.) The decision reflects a detailed analysis of the testimony and exhibits, and closely tracks the parties' post-hearing submissions. Judge McDonald wrote: "The Arbitrator bases his findings of fact on the testimony and exhibits from the final hearing. In preparing this section, the Arbitrator was greatly assisted by the parties' proposed findings of fact." (*Id*. at p. 2 n.1.)

Applying Kentucky law, Judge McDonald concluded that Townsend failed to carry her burden of proof. He found no breach of duty by Brookdale or Becky Stocker, the former administrator at the Facility, and no evidence of proximate causation. (*Id*. at pp. 24–25, 32–34.) He held:

> Even if the Arbitrator could conclude that the Defendants breached one or more of their duties, Ms. Townsend has failed to prove that Ms. Elam's death resulted from the breach. The absence of proof on any one of the required elements is fatal to a claim for negligence.

(*Id*. at p. 25.)

Accordingly, Judge McDonald entered final judgment for Brookdale and Becky Stocker:

> Based on the foregoing Findings of Fact and Conclusions of Law, IT IS HEREBY ORDERED AND ADJUDGED that the Defendants are entitled to judgment in their favor on all claims asserted against them by Ms. Townsend arising from Ms. Elam's residency at Brookdale Richmond Place from June 15 to July 8, 2020.

(*Id*. at p. 34.)

**g. Townsend Moves to Vacate the Arbitration Award**

On September 21, 2024, Townsend moved to vacate the Arbitration Award, alleging legal and factual errors. (DE 38, Page ID#: 535–50.) Then, more than seven months later—on February 13, 2025—she filed a supplemental motion citing, for the first time, a decades-old public censure of Judge McDonald as additional grounds for vacatur. (*See* DE 58, 58-1.)

Brookdale opposed both filings. (*See* DE 48, 64.) In doing so, Brookdale captioned its responses to reflect Townsend's status as "Executrix of the Estate of Linda Elam and on behalf of the Wrongful Death Beneficiaries of Linda Elam." (*See, e.g.*, DE 64, Page ID#: 1987.) Townsend has since argued that these captions improperly attempt to add new party allegations. That assertion is incorrect and amounts to a red herring. Brookdale has not sought to amend the pleadings. As the record reflects—including Townsend's own filings—she has consistently described herself as bringing claims both as Executrix and on behalf of the wrongful death beneficiaries. (DE 14-1, 16-1.) This Court's prior order addressed the scope of those claims accordingly. (DE 19.) Brookdale's captions in these filings simply track that procedural history. For consistency and to avoid confusion, however, Brookdale reverts to using the caption "Bonnie Townsend, Executrix of the Estate of Linda Elam."

Townsend's motions to vacate the Arbitration Award are fully briefed and await decision by the Court.

## III. ARGUMENT

### a. The FAA Requires This Court to Confirm the Arbitration Award[5].

The Sixth Circuit Court of Appeals instructs that "[t]he remedy in an arbitration is the third party's [i.e., the arbitrator's] final and binding resolution of the parties' dispute." *Sound Inpatient Physicians, Inc. v. Carr*, Case No. 20-6440, 2021 U.S. App. LEXIS 23148, *6 (6th Cir. Aug. 4, 2021). In this regard, Section 9 of the FAA "authorizes a party to apply to the court 'for an order confirming' an arbitration award where the parties' agreement allows for judicial confirmation." *Id.* at *10. Furthermore, upon such motion, a court "must" grant an order confirming an arbitration award unless it is vacated, modified, or corrected as prescribed under Sections 10 and 11 of the FAA. 9 U.S.C. § 9; *Hall St. Assocs., L.L.C. v. Mattel*, 552 U.S. 576, 581 (2008). Where, as in this case, the parties have agreed that the arbitrator's decision shall be "final and binding," such language is sufficient to meet the requirements of 9 U.S.C. § 9. *Sound Inpatient Physicians*, 2021 U.S. App. LEXIS 23148 at *12.

The FAA compels confirmation of the Arbitration Award in this case. The statute reflects a strong federal policy favoring arbitration and the enforcement of arbitral decisions. *See Samaan v. Gen. Dynamics Land Sys., Inc.*, 835 F.3d 593, 600 (6th Cir. 2016) (*citing Bratt Enters., Inc. v. Noble Int'l Ltd.*, 338 F.3d 609, 613 (6th Cir. 2003)). As the Sixth Circuit has long recognized, courts play only a "limited role in reviewing the decisions of arbitrators." *Shelby Cnty. Health Care Corp. v. A.F.S.C.M.E., Local 1733*, 967 F.2d 1091, 1094 (6th Cir. 1992). That review is "one

[5] The Court has diversity jurisdiction in this case. (DE 15, Page ID#: 295.) The amount in controversy exceeds the jurisdictional minimum because the damages Townsend sought to recover in the arbitration exceed the jurisdictional minimum. (*See* Townsend's Proposed Findings of Fact, Conclusions of Law, and Judgment, *sealed exhibit*, DE 38-4, pp. 36-37.)

of the narrowest standards of judicial review in all of American jurisprudence." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 643 (6th Cir. 2005).

The standard for this Court's review is merely "whether a party to arbitration has been denied a fundamentally fair hearing." *Wachovia Sec., Inc. v. Gangale*, 125 F. App'x 671, 677 (6th Cir. 2005) (citations omitted). This Court cannot "reconsider the merits of an award, even when parties allege that the award rests on errors of fact or on misinterpretation of a collective bargaining agreement." *Id.* at 678 (*citing United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36 (1987). Confirmation of an award, therefore, is not an extraordinary remedy—it is the default outcome. *See Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000) (citing 9 U.S.C. § 9). Once a party moves to confirm, the Court "must grant" the motion unless the opposing party meets the narrow grounds for vacatur or modification under Sections 10 or 11 of the FAA. 9 U.S.C. § 9; *Hall*, 552 U.S. at 581.

Although Townsend has moved to vacate, modify, or correct the Arbitration Awards, her motions—now fully briefed—fall far short of meeting the FAA's demanding standards. As explained below and in Brookdale's opposition to those motions, which it adopts and incorporates herein by reference, none of the recognized grounds for disturbing the Arbitration Award are present. (*See* DE 48, 64.) The FAA therefore requires that the Arbitration Award be confirmed in full.

**b. Townsend Cannot Meet Her Burden to Vacate the Arbitration Award.**

Section 10 of the FAA authorizes vacatur only in four narrow circumstances: (1) where the award was procured by corruption, fraud, or undue means; (2) where the arbitrator was evidently partial or corrupt; (3) where the arbitrator engaged in prejudicial misconduct; or (4) where the

arbitrator exceeded his powers or failed to render a final and definite award. 9 U.S.C. § 10(a)(1)–(4); *Dawahare*, 210 F.3d at 669.

While the Sixth Circuit has at times acknowledged a possible non-statutory basis for vacatur where an arbitrator "manifestly disregards the law," that doctrine's continuing viability is in serious doubt. *See Hall*, 552 U.S. at 584 ("§§ 10 and 11 respectively provide the FAA's exclusive grounds"); *Grain v. Trinity Health*, 551 F.3d 374, 380 (6th Cir. 2008); *Kaki v. Tenet Healthcare Corp.*, No. 21-1100, 2021 U.S. App. LEXIS 3338, at *5 (6th Cir. Feb. 5, 2021) (suggesting that *Hall* bars this non-statutory basis for vacatur: "defendants cannot make a strong showing that the district court erred in assessing their motion to vacate under only the grounds provided for in the FAA.") In any event, Townsend cannot meet that high bar either.

The arbitration process here was rigorous, fair, and procedurally sound. Brookdale petitioned this Court to compel arbitration pursuant to the Arbitration Agreement. (DE 1.) This Court found that the Arbitration Agreement was valid and enforceable (DE 15, Page ID#: 297), and compelled Townsend to arbitrate her individual claims and any claims on behalf of the Estate against Brookdale. (*Id.* at Page ID#: 299; DE 19, Page ID#: 368.) Both parties participated in the subsequent selection of Judge McDonald—indeed, Townsend proposed him. (DE 64-1.)

During the Arbitration, the parties conducted discovery, including interrogatories, requests for production of documents, and depositions. At the Final Hearing, which took place from April 22 to April 29, 2024, Judge McDonald heard testimony from seven fact witnesses, seven expert witnesses, and admitted 98 exhibits into evidence. [Arbitration Award, Ex. 1, p. 1.] No side was limited in its ability to present its case. In fact, Judge McDonald extended the Final Hearing, which was initially scheduled for only one week, to permit both parties all the time needed to put on their evidence. Following the close of the Final Hearing on April 29, 2024, Judge McDonald invited

both parties to submit post-hearing briefs by May 15, 2024, which they did. [*Id.*] On June 24, 2024, Judge McDonald then entered his comprehensive, detailed thirty-four-page Arbitration Award with findings of fact and conclusions of law, resolving all claims in Brookdale's favor. [*See id.*]

There is no evidence—nor even a serious allegation—of corruption, fraud, or undue means. There is also no evidence whatsoever of any partiality or misconduct by Judge McDonald. Judge McDonald did not refuse to postpone the Final Hearing on motion of Townsend or refuse to hear any evidence proffered by Townsend's counsel, or otherwise exceed his authority. In fact, Judge McDonald provided the parties with wide latitude with regarding to the introduction of evidence at the hearing. Finally, there is absolutely no evidence whatsoever that there was a manifest disregard of the law. To the contrary, Judge McDonald scrupulously applied the law to the facts and explained his reasoning in writing in the Arbitration Award. [*See, generally,* Arbitration Award, Ex. 1, pp. 24-34.] Mere dissatisfaction with the outcome does not meet the strict requirements of Section 10. *See Misco*, 484 U.S. at 38.

Accordingly, none of the statutory grounds for vacatur exist, there was no manifest disregard of the law, and the Arbitration Award should be confirmed in all respects as the parties agreed. [*See* Arbitration Agreement, Ex. 2, p. 2 ¶11 ("The arbitrator's decision shall be final and binding and such decision may only be vacated or modified as allowed by the Federal Arbitration Act.").]

**c. Townsend Cannot Meet Her Burden to Modify or Correct the Arbitration Award.**

Likewise, there are no grounds for modification or correction of the Arbitration Award under Section 11 of the FAA. That section permits relief only where: (1) there is an evident material miscalculation or descriptive error; (2) the arbitrator ruled on an issue not submitted,

unless it affected the merits; or (3) the award is imperfect in form, not affecting substance. 9 U.S.C. § 11.

None of these limited exceptions applies. The Arbitration Award contains no mathematical or clerical error. [*See* Arbitration Award, Ex. 1.] Judge McDonald did not decide issues outside the scope of submission. The form of the Arbitration Award is clear and complete. Judge McDonald resolved the exact claims that Townsend presented, and nothing more. [*See* Townsend's Proposed Findings of Fact, Conclusions of Law, and Judgment, *sealed exhibit*, DE 38-4.] Moreover, as the Sixth Circuit has emphasized, courts "are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement." *Solvay Pharms., Inc. v. Duramed Pharms., Inc.*, 442 F.3d 471, 476 (6th Cir. 2006). Modification is not a second bite at the apple. It is a narrow exception for mechanical errors—and none exist here.

Accordingly, none of the statutory grounds for modification exist and the Arbitration Award should be confirmed in all respects.

## IV. CONCLUSION

For the foregoing reasons, as well as for the reasons set forth in Brookdale's Response in Opposition to Defendant's Motion to Amend, Modify, Correct or Vacate Arbitrator's Award [DE 48] and Response in Opposition to Defendant's Supplemental Filing in Support of Defendant's Motion to Amend, Modify, Correct or Vacate Arbitrator's Award [DE 64], Brookdale respectfully requests this Court confirm the Arbitration Award pursuant to Section 9 of the FAA, enter a Final Judgment in accordance with the Arbitration Award, and award Brookdale any and all further relief that the Court deems just and proper.

Respectfully submitted,

Kif H. Skidmore (KBA #89525)
Connor B. Egan (KBA #96713)
STOLL KEENON OGDEN PLLC
300 West Vine St., Ste. 2100
Lexington, KY 40507
(859) 231-3000
Kif.skidmore@skofirm.com
Connor.egan@skofirm.com

BY: *<u>/s/ Connor B. Egan</u>*
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2025, the foregoing was filed electronically and notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system:

Sandra M. Varellas
D. Todd Varellas
Jeremy Prichard
Varellas & Varellas
240 W. Short St., Ste. 201
Lexington, KY 40507
*Counsel for Defendant*

*/s/ Connor B. Egan*
*Counsel for Plaintiffs*

4912-4628-1541.4